IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RIKYSHA TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:25-cv-1083 |
| | ) | |
| v. | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| UPMC PRESBYTERIAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Plaintiff Rikysha Tucker recently sought leave to file a pro se complaint *in forma pauperis* (ECF No. 1). The Court denied Plaintiff's motion without prejudice and provided her a long-form (ECF No. 2). Plaintiff's attached complaint, which has not yet been filed with the Court, names as a defendant UPMC Presbyterian.

In addition to the deficiencies outlined in the Court's previous order relating to Plaintiff's motion for leave to proceed *in forma pauperis*, this case cannot be processed further at this time for the following reasons. First, Plaintiff has failed to provide the required service documents. If Plaintiff still wishes to proceed *in forma pauperis*, she must provide completed "Process Receipt and Return" (USM-285), "Notice and Request for Waiver of Service of Summons", and "Waiver of the Service of Summons" forms for each named defendant.[1]

Second, the complaint submitted by Plaintiff does not comply with the Federal Rules of Civil Procedure because it contains insufficient factual allegations and does not attribute wrongdoing to the named Defendant. Plaintiff must therefore submit an amended complaint that complies with the Rules and the following instructions. Plaintiff must also submit copies of her

---

[1] Blank copies of these forms will be included with this Order.

amended complaint for service upon each named defendant. If Plaintiff is unable to reproduce and provide the Court one complete copy of the amended complaint for each named defendant, she may tender to the Clerk of Court the appropriate fee for the copies to be made on her behalf.[2]

**Instructions for Filing Another Complaint**

**A. Caption and Heading**

The caption should include the name of the court, the parties, their capacities (*i.e.*, whether they are being sued in their individual or representative (official) capacity), and the title of the pleading (*i.e.*, Amended Complaint). To do this, Plaintiff must place her full name at the top left of the amended complaint and also add the names of each defendant. Plaintiff must name as defendants **only** those persons who are responsible for the alleged constitutional violation(s).

Importantly, Plaintiff must show personal involvement in the alleged wrongdoing by each defendant. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). **Thus, Plaintiff must specify the conduct of EACH defendant that supports her claim or claims against the defendant in question.**

**B. Parties**

As the person initiating the lawsuit, Plaintiff must identify herself as such. Also, for **each** defendant named in the complaint, Plaintiff should list their current address and description of their employment. In addition, Plaintiff should explain briefly how or in what capacity each defendant acted under authority given to them by state or local government.

---

[2] *See* enclosed fee schedule found at http://www.pawd.uscourts.gov/fee-schedule.

    **C.**    <u>**Jurisdiction**</u>

Because federal court is a court of limited jurisdiction, Plaintiff must inform the Court why the case should be heard in federal court rather than state court or some other forum.

    **D.**    <u>**Statement of Claim**</u>

This is the time to present the facts of the case: what happened, where it happened, when it happened, how it happened and who was involved. In this section, Plaintiff should write a summary of the facts relevant to this lawsuit. Additionally, any document referred to in this section must be cited as an exhibit and attached at the end of the complaint.

**In this section, Plaintiff must provide specific details of precisely how her civil rights were allegedly violated. Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. Plaintiff should clearly describe how <u>each named defendant</u> is involved in the alleged constitutional violation(s). This description should include references to relevant <u>dates, times, and locations</u>. It should explain to the Court what happened by specifically describing <u>each</u> defendant's behavior or action and how that behavior or action—or lack of action—resulted in the alleged violations.** Plaintiff should not include legal argument in her amended complaint. Citations to case law and other statutes are not appropriate. However, Plaintiff should be specific about the particulars of the event, <u>**each**</u> defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.

Where the amended complaint includes more than one incident, Plaintiff should clearly distinguish between them by preparing a separate description—usually a paragraph—for each incident. Each incident should be identified as a separate count, and each count must include appropriate facts and evidence in support of the claims made in the count. Each incident must be

clearly and specifically described; it should include the relevant time, date, and location. Each incident description also should clearly identify the relevant defendant and what that defendant's role was in the incident. Additionally, the amended complaint should set forth factual allegations that, taken together, satisfy the elements of the cause of action.

**E.**     **Injury**

Plaintiff must state as specifically as possible the actual injury suffered from the action of the defendants that resulted in the alleged civil rights violation. Simply stating that her rights have been violated is insufficient.

**F.**     **Request for Relief**

Plaintiff must describe for the Court the relief she is seeking as a result of this lawsuit. The relief requested must be related specifically to the injury suffered.

**G.**     **Signing the Complaint**

Federal Rule of Civil Procedure 11 provides that every pleading, written motion, and other paper must be signed by an individual attorney of record or by the pro se party. Therefore, Plaintiff must sign her complaint. Plaintiff should realize that the Court can order sanctions or penalties for the filing of complaints and pleadings that are frivolous, without merit, based on false or misleading information, etc. These sanctions or penalties can take many forms including, but not limited to, dismissing the case, assessing fines, and limiting Plaintiff's filing privileges in federal court.

Based on the foregoing, it is hereby **ORDERED** that this case will remain administratively **CLOSED**. Plaintiff may reopen it if, by **August 7, 2025**, she:

1. (a) pays the $ 405.00 filing fee; OR

    (b) files a motion for leave to proceed *in forma pauperis*.

4

2. Submits an amended complaint that complies with the Federal Rules of Civil Procedure and the Instructions set forth above.

3. (a) submits service copies for EACH defendant named in the amended complaint; OR

   (b) tenders to the Clerk of Court the appropriate fee for the copies to be made on her behalf. The fee is $.10 per page.

4. Submits for EACH defendant named in the amended complaint a "Process Receipt and Return" (USM-285), "Notice and Request for Waiver of Service of Summons" and "Waiver of the Service of Summons" form.

Plaintiff's failure to comply with this order will be construed as indicating her decision not to continue with the prosecution of this case.

So **ORDERED** this 29th day of July, 2025

/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE